■ ESTELLE HULIS, Individually and as Administratrix of the Estate of MASON HULIS, Deceased, et al., Respondents, v M. FOSCHI AND SONS et al., Defendants; FINK BAKING CORPORATION, Respondent, and AZEN CONSTRUCTION CORP., Appellant. —In an action to recover damages for wrongful death, the defendant Azen Construction Corp. appeals from an order of the Supreme Court, Kings County (Morton, J.), entered December 4, 1985, which denied its motion for summary judgment dismissing the complaint and any cross claims asserted against it.

Ordered that the order is affirmed, with costs payable to the defendant-respondent.

The plaintiff's decedent was fatally injured when he fell through an opening at the end of an enclosed corridor in an ongoing project to construct an addition to the premises of his employer, the defendant Fink Baking Corporation (hereinafter Fink). Pursuant to a contract with Fink, the appellant had

poured the concrete for the floor of the corridor as well as for the stairs leading up to the corridor. In its contract with Fink, the appellant had agreed to take all reasonable precautions for the safety and protection of all employees performing the concrete work "and other persons who may be affected thereby", and in addition, it had agreed to indemnify and hold harmless Fink against all claims arising out of or resulting from the performance of its work caused in whole or in part by any negligent action or omission of the appellant or its employees or agents.

Although the accident in question occurred some weeks after the appellant completed its work, the accident arose out of or resulted from the performance of that work within the meaning of the indemnity contract since it resulted from the decedent traversing the corridor which the appellant had completed but which led to a hazardous condition, i.e., the opening at the end of the corridor. Although the hazardous condition may not have been created by the appellant, by completing the concrete floor and stairs leading to the corridor, the appellant provided ready access to the hazard. Upon a review of the record, we find that the appellant has failed to establish that, as a matter of law, it fulfilled its duty to provide reasonable safeguards for the protection of others upon the completion of its work. The question of what precautions it allegedly took to secure the work site and whether they were reasonable presents triable issues of fact, and accordingly, summary judgment was properly denied (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.