■ JOAN BERADO et al., Appellants, v CITY OF MOUNT VERNON et al., Defendants, and WALDBAUM's INC., Respondent. [694 NYS2d 403] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 11, 1998, as granted the motion of the defendant Waldbaum's Inc. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joan Berado was injured when she tripped upon a crack, break, or gap and the adjacent uneven surface in the concrete roadway of a parking facility built, operated, maintained, and repaired by the City of Mount Vernon. The parking facility was built in 1974 pursuant to a lease with a predecessor in interest of the defendant Waldbaum's Inc. (hereinafter Waldbaum's). Waldbaum's subsequently built and operated a store on property adjacent to the parking facility, but closed the store in 1980 and ultimately leased the building to Ark Drug. Ark Drug occupied the building on the date of the incident.

It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair unsafe conditions (*see, Stark v Port Auth.,* 224 AD2d 681). The record reveals that Waldbaum's was not involved in the daily operation of the parking facility or contractually obligated to repair unsafe conditions. Furthermore, there are no material issues of fact as to whether Waldbaum's was negligent in any manner during the original construction of the parking facility. Therefore, the court properly granted Waldbaum's motion for summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Gilbert v 4905 Ave. D Realty,* 224 AD2d 659).

The plaintiffs' request for further discovery is without merit (*see, Carrington v City of New York,* 201 AD2d 525). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.