■ YVETTE BOLDEN, Appellant, v NEW MARK & Co., Respondent, et al., Defendant, and NEWMARK & COMPANY REAL ESTATE, INC., Sued Herein as NEW MARK & Co., et al., Defendants and Third-Party Plaintiffs-Respondents. TIMES SQUARE BUSINESS IMPROVEMENT DISTRICT COMMITTEE, INC., et al., Third-Party Defendants-Respondents. [704 NYS2d 856] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated November 10, 1998, as granted that branch of the cross motion of the defendant Newmark & Company Real Estate, Inc. s/h/a New Mark & Co., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent payable by the appellant.

The Supreme Court correctly determined that Newmark & Company Real Estate, Inc. s/h/a New Mark & Co. did not exercise control over the premises where the plaintiff was injured. As an out-of-possession landlord which was not contractually obligated to repair or maintain the premises, it was not liable for injuries occurring on the premises (*see, Dalzell v McDonald's Corp.,* 220 AD2d 638). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.