■ Michael Carvano, Jr., et al., Respondents, v Keith P. Morgan, Defendant and Third-Party Plaintiff-Appellant. Ex

TECH CORP., Third-Party Defendant-Appellant. [703 NYS2d 534] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff and third-party defendant separately appeal from so much of an order of the Supreme Court, Queens County (Thomas, J.), entered December 8, 1998, as denied the cross motion of the third-party defendant, in which the defendant third-party plaintiff joined, for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion is granted, and the complaint is dismissed.

The injured plaintiff slipped and fell on an accumulation of ice in the parking lot of the premises where he worked. He brought this action against the defendant Keith B. Morgan, an out-of-possession landowner, alleging that Morgan was negligent in allowing the condition to occur and failing to cure it. Morgan commenced a third-party action against Ex Tech Corp. (hereinafter Ex Tech), which was both the tenant on the premises and the plaintiff's employer. Subsequently, Ex Tech moved for summary judgment dismissing the complaint, and Morgan joined in the motion.

It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition (*see, Stark v Port Auth.*, 224 AD2d 681; *Pirillo v Long Is. R. R.*, 208 AD2d 818). The movants established, through admissible evidence, that Morgan was not contractually obligated to remove the snow and ice, and that the right to enter the building to repair or inspect it did not create a situation where Morgan retained control over the parking lot (*see, Hepburn v Getty Petroleum Corp.*, 258 AD2d 504; *Pirillo v Long Is. R. R., supra*). In response, the plaintiffs only speculated that Morgan had notice of the condition or created it. Therefore, the cross motion for summary judgment should have been granted (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.