■ CHRISTOPHER PORTERA et al., Respondents, v LONG ISLAND SPORTS COMPLEX, INC., Respondent, and THEODORE HUBBARD, INC., Appellant. [705 NYS2d 73] —In an action to recover damages for personal injuries, etc., the defendant Theodore Hubbard, Inc., appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 10, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiffs instituted this action to recover damages for personal injuries against both the tenant of the subject premises and the absentee landlord, the appellant. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion.

In the absence of a duty imposed by a statutory provision, a landlord's mere reservation of the right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently-arising dangerous condition (*see, Aprea v Carol Mgt. Corp.,* 190 AD2d 838). The plaintiffs did not allege a violation by the appellant of any statutory provision sufficient to impose liability (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559).

The plaintiffs did not establish that the appellant retained sufficient control over the leased premises to render it liable for the injury (*see, Worth Distribs. v Latham,* 59 NY2d 231). While the appellant was responsible for structural repairs to the premises pursuant to a rider to the lease, there is no evidence

in the record that the injuries sustained by the plaintiff Christopher Portera were proximately caused by the appellant's failure to make such repairs. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.