■ VILMA RIVERA, Respondent, v THOMAS WOOD, Doing Business as BROOKS HARBOR SEAFOOD, Defendant, and DFB ENTERPRISES, et al., Appellants. (And a Third-Party Action.) [714 NYS2d 732] —In an action to recover damages for personal injuries, the defendants DFB Enterprises, a/k/a Sipala Enterprises, and Fred Sipala appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated February 28, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The Supreme Court improperly denied the appellants' motion for summary judgment. "It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Carvano v Morgan*, 270 AD2d 222, 223; *see, Stark v Port Auth.*, 224 AD2d 681; *Bolden v New Mark & Co.*, 270 AD2d 221). Here, the appellants established that they were out-of-possession landlords who did not retain sufficient control over the premises where the plaintiff was injured to be held liable for the plaintiff's injuries. Although the appellants had a contractual obligation to make structural repairs and maintain the roof, the plaintiff's injuries did not arise out of any defect in the roof or due to the appellants' failure to make any structural repairs (*see, Portera v Long Is. Sports Complex*, 270 AD2d 471). Moreover, the appellants' reservation of a general right to enter the premises for the purposes of inspection and· repair was insufficient to impose liability on them (*see, Fucile v Grand Union Co.*, 270 AD2d 227; *Portera v Long Is. Sports Complex, supra*; *Windvand v 4612 13th Ave. Realty Corp.*, 269 AD2d 527). O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.