■ McArthur Wilson, Appellant, v Laung Hang Realty Corp., Respondent, et al., Defendant. [721 NYS2d 290] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 5, 2000, as granted that branch of the motion of the defendant Laung Hang Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair unsafe conditions" (*Berado v City of Mount Vernon,* 262 AD2d 513, 514; *accord, Stark v Port Auth.,* 224 AD2d 681). The defendant Laung Hang Realty Corp. (hereinafter Laung Hang), the owner of the premises where the plaintiff allegedly fell, made a prima facie showing of its entitlement to summary judgment. The plaintiff failed to raise a triable issue of fact that Laung Hang either retained control of that portion of the property where the plaintiff fell, or was contractually obligated to keep the property in good repair. Accordingly, Laung Hang was entitled to summary judgment dismissing the complaint insofar as asserted against it. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.