■ PAUL TOBIAS, Appellant, v DIFAZIO ELECTRIC, INC., et al., Respondents. (And Other Titles.) [732 NYS2d 441] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 25, 2000, as granted those branches of the respective motions of the defendants DiFazio Electric, Inc., and Grumman Aerospace Corporation which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of Di-Fazio Electric, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of that motion, and the complaint is reinstated against the defendant DiFazio Electric, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a chef employed by a food service provider, allegedly was injured when he tripped and fell over a junction box and "stubbed up" PVC pipe while walking in a cafeteria on premises owned by Grumman Aerospace Corporation (hereinafter Grumman), a defendant. At the time, the cafeteria was being renovated by the lessee thereof, Robert Plan Corporation, a defendant in a related action. DiFazio Electric, Inc. (hereinafter DiFazio), a defendant, an electrical contractor which performed part of the renovation work, installed the PVC pipe and junction box over which the plaintiff allegedly tripped and fell. The plaintiff commenced these actions to recover damages for personal injuries. The Supreme Court granted the respective motions of Grumman and DiFazio for summary judgment dismissing the complaint insofar as asserted against them. We modify.

The plaintiff's contention that Grumman and DiFazio violated Labor Law §§ 200 and 241 (6) is raised for the first time on appeal and, therefore, is not properly before this Court (*see, Singh v Eisen,* 260 AD2d 363). In any event, the plaintiff was not a person "employed" within the meaning of Labor Law §§ 200 and 241 (6) (*see, Gibson v Worthington Div.,* 78 NY2d 1108; *Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573; *Moses v Pinazo,* 265 AD2d 391).

In opposition to Grumman's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that Grumman, an out-of-possession landlord, could be held liable for damages based on common-law negligence (*see, Portera v Long Is. Sports Complex,*

270 AD2d 471; *Cuartas v Kourkoumelis,* 265 AD2d 293; *Giambalvo v Chemical Bank,* 260 AD2d 432). Thus, the complaint in Action No. 1 was properly dismissed insofar as asserted against Grumman.

However, DiFazio failed to demonstrate a prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action against it sounding in common-law negligence. The mere fact that DiFazio completed its work before the accident, without more, is insufficient to warrant summary judgment in its favor (*see, King v County of Nassau,* 262 AD2d 533; *Hulis v Foschi & Sons,* 132 AD2d 649). Accordingly, the complaint must be reinstated as against DiFazio. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.