■ PHILOMENA VIJAYAN et al., Respondents, v BALLY's TOTAL FITNESS, Respondent, and LITTLE NECK COMMONS, L. L. C., Appellant. [733 NYS2d 703] —In an action to recover damages for personal injuries, etc., the defendant Little Neck Commons, L. L. C., appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated July 5, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against the

appellant are dismissed, and the action against the remaining defendant is severed.

The plaintiff Philomena Vijayan allegedly sustained physical injuries when she slipped and fell on ice on the steps of commercial premises owned by the appellant and leased to the defendant Bally's Total Fitness (hereinafter Bally's). An out-of-possession landowner, such as the appellant, is not liable for injuries that occur on its leased premises unless it has retained control of the premises or is contractually obligated to repair the unsafe condition (*see, Carvano v Morgan,* 270 AD2d 222, 223). Here, the appellant met its burden of demonstrating its entitlement to summary judgment by presenting uncontroverted evidence that it did not retain control over the premises it leased to Bally's.

In opposition to the appellant's prima facie showing, the plaintiffs failed to present "evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562). Contrary to the plaintiffs' arguments, the regular visits of the appellant's managing agent to the premises for the purposes of collecting rent, leasing space, and addressing tenants' concerns did not establish that the appellant retained control over the premises. Additionally, the appellant's reservation of a right to re-enter the premises is an insufficient basis upon which to impose liability (*see, Portera v Long Is. Sports Complex,* 270 AD2d 471). Rather, the tenant bore the sole contractual responsibility for clearing snow and ice from the premises. Therefore, the appellant is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Luciano, Smith and Crane, JJ., concur.