■ ANTHONY JACKSON, Appellant, v UNITED STATES TENNIS ASSOCIATION, INC., et al., Respondents. [742 NYS2d 374] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated July 5, 2001, which granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion for further discovery.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of Courtside Services, LLC (hereinafter Courtside), was injured when he slipped and fell on ice which had accumulated on the floor of a walk-in freezer located in one of the kitchens of the defendant Arthur Ashe Stadium (hereinafter the Stadium). Courtside was the licensee of the defendant United States Tennis Association, Inc., and the exclusive provider of food service at the Stadium.

The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint finding, in essence, that the defendants, as out-of-possession landlords, had no duty of care toward the plaintiff.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Carvano v Morgan,* 270 AD2d 222, 223; *see Ortiz v RVC Realty Co.,* 253 AD2d 802; *Stark v Port Auth. of N.Y. & N.J.,* 224 AD2d 681).

The defendants established their prima facie entitlement to summary judgment dismissing the complaint by demonstrating that the area where the accident occurred was in the exclusive possession and control of the plaintiff's employer, which was also responsible for maintenance and repair of that area. Although the defendants retained a right of reentry to inspect the premises and make repairs, they cannot be held liable under the theory of constructive notice since the plaintiff failed to plead or prove the existence of a "significant structural or design defect that is contrary to a specific statutory safety provision" (*Lane v Fisher Park Lane Co.,* 276 AD2d 136, 141, quoting *Johnson v Urena Serv. Ctr.,* 227 AD2d 325, 326). Accordingly, the Supreme Court properly granted the motion for summary judgment.

The Supreme Court also properly denied the plaintiff's cross motion for leave to recall a witness for a further deposition, as he failed to demonstrate that additional discovery would yield facts tending to prove his case and justify the denial of summary judgment (*see* CPLR 3212 [f]; *Town of Hempstead v Incorporated Vil. of Atl. Beach,* 278 AD2d 308, 310).

The plaintiff's remaining contentions are without merit. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.