In an action to recover damages for personal injuries, the defendant 80-02 Leasehold Company appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Weiss, J.), dated October 7, 2002, as denied those branches of its motion which were for summary judgment dismissing the complaint and the cross claims of the defendant *478 Bally Total Fitness Corporation insofar as asserted against it, and for summary judgment on its cross claim for contractual indemnification against the defendant Bally Total Fitness Corporation, and (2) an order of the same court dated December 5, 2002, as, upon reargument, adhered to the original determination.
Ordered that the appeal from the order dated October 7, 2002, is dismissed, as that order was superseded by the order dated December 5, 2002, made upon reargument; and it is further,
Ordered that the order dated December 5, 2002, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The defendant landlord, 80-02 Leasehold Company, owns a multi-unit building in Queens. It leases part of the ground floor to the defendant tenant, Bally Total Fitness Corporation. The tenant operates a health club at the demised premises. The plaintiff, Nicole Gibson, allegedly sustained injuries while attending an aerobic step exercise class at the health club. She claims that while she was using a piece of step equipment, it slid out from underneath her, causing her to lose her balance and fall. The plaintiff commenced this action against, among others, the landlord and the tenant, alleging that they were negligent in failing to repair a leak in the demised premises which contributed to the occurrence of her accident. The landlord moved for summary judgment dismissing the complaint and the cross claims of the tenant insofar as asserted against it on the ground that as an out-of-possession landlord it could not be held liable for the condition of the premises arising out of the use and operation of the health club. The landlord also, inter alia, sought summary judgment on its cross claim against the tenant for contractual indemnification. The Supreme Court found that a triable issue of fact exists as to whether the leak in the ceiling caused or contributed to the plaintiffs accident, and whether the landlord had notice of the leak and a duty to repair it. The Supreme Court also denied the landlord summary judgment on its cross claim for indemnification. Thereafter, the Supreme Court granted the landlord’s motion for reargument but, upon reargument, adhered to its prior determination. We affirm.
“It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition” (Jackson v United States Tennis Assn., 294 AD2d 470, 471 [2002] [internal quotation marks omitted]; see Ahmad v City of New York, 298 AD2d 473 *479 [2002]; Berado v City of Mount Vernon, 262 AD2d 513 [1999]). There are material issues of fact to be resolved at trial regarding the landlord’s contractual obligation to repair the leak in the aerobics room ceiling where the plaintiffs accident occurred. Accordingly, that branch of the landlord’s motion was properly denied.
The Supreme Court also properly denied that branch of the landlord’s motion which sought summary judgment on its cross claim for indemnification against the tenant. Pursuant to General Obligations Law § 5-321, any lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable {see Gross v Sweet, 49 NY2d 102 [1979]; Radius, Ltd. v Newhouse, 213 AD2d 614 [1995]). The broad indemnification provision in the lease shifts the entire responsibility for the tenant’s damages to the tenant regardless of the landlord’s own negligence. Furthermore, the indemnification agreement failed to limit the landlord’s recovery under the tenant’s indemnification obligation to insurance proceeds. Accordingly, the indemnification clause is unenforceable under General Obligations Law § 5-321 {see Leone v Leewood Serv. Sta., 212 AD2d 669, 672 [1995], citing Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 158-160 [1977]; Sanford v Woodner Co., 304 AD2d 813 [2003]).
The defendant landlord’s remaining contentions are without merit. Santucci, J.P, Schmidt, Cozier and Rivera, JJ., concur.