■ MELISSA SCOTT, Appellant, v SOLVEIGH BERGSTOL, Respondent, et al., Defendants. [782 NYS2d 793]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated February 19, 2003, which granted the motion of the defendant Solveigh Bergstol for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice on a sidewalk located on property owned by the defendant Solveigh Bergstol and leased to the United States Postal Service. The plaintiff alleged that the roof of a building on the property was improperly designed, constructed, and maintained, causing snow to accumulate on the roof, which then melted, dripped onto the sidewalk, and refroze.

Generally, an out-of-possession owner or lessor is not liable for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to repair unsafe conditions (*see Vijayan v Bally's Total Fitness,* 289 AD2d

224 [2001]; *Berado v City of Mount Vernon,* 262 AD2d 513 [1999]). Here, Bergstol established her entitlement to judgment as a matter of law by demonstrating that she was an out-of-possession landlord with no duty to remove snow and ice from the premises (*see Jackson v United States Tennis Assn.,* 294 AD2d 470 [2002]; *Shrenkel v New York State Dormitory Auth.,* 266 AD2d 369 [1999]; *Carvano v Morgan,* 270 AD2d 222 [2000]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's contention that the roof of the building was improperly designed, constructed, and maintained was purely speculative. Accordingly, the Supreme Court properly granted Bergstol's motion for summary judgment dismissing the complaint insofar as asserted against her. Altman, J.P., Florio, Mastro and Fisher, JJ., concur.