■ Rose Lupo, Appellant, v Montauk Properties, LLC, Respondent. [798 NYS2d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated May 5, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly slipped and fell on ice on a sidewalk adjacent to premises leased to her employer within a shopping center owned by the defendant. "[A]n out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Jackson v United States Tennis Assn.*, 294 AD2d 470, 471 [2002] [internal quotation marks omitted]; *see Scott v Bergstol*, 11 AD3d 525 [2004]; *Berado v City of Mount Vernon*, 262 AD2d 513 [1999]). Although the defendant made out its prima facie entitlement to judgment as a matter of law, there are issues of fact as to whether the defendant retained possession and control of the premises (*see Suazo v Ajay, Inc.*, 305 AD2d 662, 663-664 [2003]). The lease describes the demised premises as "certain space consisting of approximately 24,000 square feet of space at the westerly end of the Shopping Center . . . together with appurtenances thereto and the use in common with others of the parking areas, roadways, means of ingress and egress, and service areas." Although the lease obligated the tenant "to keep the sidewalk in front of the building free and clear of snow, ice and rubbish," the lease further provided that "[n]o sidewalks, parking areas, roadways, means of ingress or egress or other common areas, shall be used for the sale, display or storage of merchandise or any other property of any tenant" and required that "[a]ll business shall be conducted within the store buildings." The latter

two lease provisions raised a triable issue of fact as to whether the defendant retained possession and control of the sidewalk and other common areas. Therefore, the defendant's motion for summary judgment should have been denied. Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.