■ Mary Jane C. Lindquist, Appellant, v C & C Landscape Contractors, Inc., et al., Defendants, and GSL Enterprises, Inc., Respondent. [831 NYS2d 523]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated April 19, 2006, as granted the motion of the defendant GSL Enterprises, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant GSL Enterprises, Inc. (hereinafter GSL), is the owner of premises where the plaintiff allegedly was injured when she slipped and fell on ice. In its motion for summary judgment dismissing the complaint insofar as asserted against it, GSL relied on the provisions of a "triple net lease" under which, it argued, it was an out-of-possession landlord not responsible for repairs or maintenance. "Generally, an out-of-possession owner or lessor is not liable for injuries that occur on

its premises unless it has retained control over the premises or is contractually obligated to repair unsafe conditions" (*Scott v Bergstol,* 11 AD3d 525, 525 [2004]; *see Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686, 686 [2006]; *Knipfing v V&J, Inc.,* 8 AD3d 628, 628-629 [2004]; *Eckers v Suede,* 294 AD2d 533, 533 [2002]). The provisions of the lease were sufficient to establish GSL's prima facie entitlement to judgment as a matter of law, because it established that GSL was an out-of-possession landlord with no duty to remove snow or ice (*see Scott v Bergstol, supra* at 526). In opposition, the plaintiff argued that, because GSL had a right under the lease to re-enter for the purpose of inspection and repair, it retained sufficient control to be subject to liability for Lindquist's injuries. "The reservation of the right to enter the premises for inspection and repair may constitute sufficient control to permit a finding that the owner or lessor had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect" (*Thompson v Port Auth. of N.Y. & N.J.,* 305 AD2d 581, 582 [2003]). The plaintiff here, however, failed to identify any specific statutory violation and failed to allege that her injury was caused by a significant structural or design defect (*see Thompson v Port Auth. of N.Y. & N.J., supra*). Consequently, the plaintiff failed to raise a triable issue of fact in opposition to GSL's prima facie showing, and the Supreme Court properly granted GSL's motion.

The plaintiff's remaining contention is without merit. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.