■ JAMES ROBINSON, Appellant, v M. PARISI & SON CONSTRUCTION CO., INC., Respondent. [856 NYS2d 678]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated August 25, 2006, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While in the course of his employment for Emery Air Freight Corporation (hereinafter Emery), the plaintiff allegedly sustained injuries when he slipped and fell on water located on the floor of a warehouse owned by the defendant and leased by Emery. The plaintiff claimed that he had seen water on the floor in the area of his accident on prior occasions and that the source of that water was from the roof of the warehouse, which leaked when it rained or snowed. The lease agreement provided that Emery was responsible for the maintenance and repair of the premises, with the exception of structural repairs, including those to the roof, for which the defendant was responsible. It is unrefuted, however, that prior to the plaintiff's accident Emery had agreed to undertake the repairs to the roof at its own cost and expense.

"Generally, an out-of-possession owner or lessor is not liable for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to repair unsafe conditions" (*Lindquist v C & C Landscape Contrs., Inc.,* 38 AD3d 616, 616-617 [2007] [internal quotation marks omitted]). Here, the defendant established its prima facie entitlement to summary judgment by demonstrating that it had relinquished control of the premises and was not contractually bound to maintain or repair the leased premises (*id.* at 617; *Bouima v Dacomi, Inc.,* 36 AD3d 739, 740 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. While the defendant retained a right to reenter the

premises, the plaintiff failed to raise a triable issue of fact as to whether the defendant violated any specific statutory provision (*see O'Connell v L.B. Realty Co.,* 50 AD3d 752 [2008]). In this regard, the provisions of Administrative Code of the City of New York §§ 27-127 and 27-128, which the plaintiff contends were violated by the defendant, are nonspecific and reflect only a general duty to maintain the premises in a safe condition (*id.; see Ahmad v City of New York,* 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]). Thus, summary judgment dismissing the complaint was properly granted to the defendant.

The plaintiff's remaining contention is without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.