(December 17, 2010)

■ CECILIA AZUMALLY et al., Respondents, v 16 WEST 19TH LLC et al., Appellants, et al., Defendant. [913 NYS2d 730]—

In an action to recover damages for personal injuries, etc., the defendants 16 West 19th LLC, the estate of Sylvia Glaser, and Williams Real Estate Co., Inc., appeal from an order of the Supreme Court, Queens County (Taylor, J.), entered December 9, 2009, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion is granted.

The plaintiff Cecilia Azumally "stepped" with her right foot "into [a] waste paper basket" in a photocopy room at her place of employment, skidded, and fell onto the floor, allegedly sustaining personal injuries. The plaintiffs alleged that the photocopy room was dimly lit and that the waste basket was not in the place where it was usually situated. The appellants failed to establish, prima facie, that they were out-of-possession landlords with no duty to maintain the photocopy room which had been leased to the plaintiffs' employer (*see Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889 [2009]; *Greis v Eckerd Corp.*, 54 AD3d 895 [2008]; *Lupo v Montauk Props., LLC*, 20 AD3d 398 [2005]; *see also Scott v Long Is. Power Auth.*, 294 AD2d 348 [2002]). The appellants failed to submit a copy of the lease, and conflicting evidence was presented as to whether the appellants had a duty to maintain the leased premises.

Nevertheless, the appellants established their entitlement to judgment as a matter of law by demonstrating that the waste basket at issue was readily observable with the reasonable use of one's senses and not inherently dangerous (*see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632 [2008]; *Neville v 187 E. Main St., LLC*, 33 AD3d 682 [2006]; *Tenenbaum v Best 21 Ltd.*, 15 AD3d 646 [2005]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the alleged poor lighting condition was a proximate cause of the accident (*see Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.