In an action to recover damages for personal injuries, the defendants 355 Realty Company, Brause Realty, Inc., Brause 57, LLC, Brause Plaza, LLC, and Brause Plaza Co., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 22, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants 355 Realty Company and Brause Realty, Inc.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants 355 Realty Company and Brause Realty, Inc., is granted.
The plaintiff allegedly sustained injuries when she slipped on a liquid on the floor of a restaurant owned and operated by the defendant HMB East 40th Street Corp. (hereinafter HMB). The *998 premises were leased by HMB from the defendant 355 Realty Company. The defendant Brause Realty, Inc., was the managing agent for the property. The plaintiff commenced this action against, among others, the defendants 355 Realty Company and Brause Realty, Inc. (hereinafter together the Realty defendants). The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Realty defendants.
Generally, an out-of-possession owner or lessor is not liable for injuries that occur on its premises unless it has retained control over the premises and is obligated by contract or statute to maintain or repair the premises (see Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852, 852 [2014]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653, 654 [2008]; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616, 616-617 [2007]; see also Vialva v 40 W. 25th St. Assoc., L.P., 96 AD3d 735, 736 [2012]). Here, the appellants established the prima facie entitlement of the Realty defendants to judgment as a matter of law by demonstrating that the Realty defendants had relinquished control of the premises and were not contractually bound to maintain or repair the leased premises (see Vialva v 40 W. 25th St. Assoc., L.P., 96 AD3d at 736; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d at 654; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d at 617).
In opposition, the plaintiff failed to raise a triable issue of fact. While the Realty defendants retained a right to reenter the premises, the plaintiff failed to raise a triable issue of fact as to whether they violated any specific statutory provision (see Robinson V M. Parisi & Son Constr. Co., Inc., 51 AD3d at 654). In this regard, the provision of the Administrative Code of the City of New York which the plaintiff contends was violated by the Realty defendants is nonspecific and reflects only a general duty to maintain the premises in a safe condition (see Miki v 335 Madison Ave., LLC, 93 AD3d 407 [2012]). Thus, the Supreme Court should have granted that branch of the appellants’ motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Realty defendants.
Dillon, J.E, Chambers, Austin and Duffy, JJ., concur.