Adolf v Erie County Indus. Dev. Agency (2019 NY Slip Op 05926)





Adolf v Erie County Indus. Dev. Agency


2019 NY Slip Op 05926


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


679 CA 18-01921

[*1]JASON ADOLF, PLAINTIFF-APPELLANT,
v
ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY, 6238 GROUP, LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
VARVARO, COTTER & BENDER, WHITE PLAINS (ROB GOODWIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 20, 2018. The order, insofar as appealed from, granted that part of the motion of defendants Erie County Industrial Development Agency and 6238 Group, LLC, seeking summary judgment dismissing the amended complaint against defendant 6238 Group, LLC. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he slipped and fell on snow and/or ice in the parking lot of property owned by 6238 Group, LLC (defendant). Defendant and defendant Erie County Industrial Development Agency moved for summary judgment dismissing the amended complaint against them. Plaintiff appeals from an order insofar as it granted the motion with respect to defendant, and we affirm.
Contrary to plaintiff's contention, defendant met its initial burden of establishing its entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable . . . for personal injuries caused by an unsafe condition existing on the premises' " (Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018]). Here, the provisions of the lease between defendant and its tenant were sufficient to establish defendant's prima facie entitlement to judgment as a matter of law because that lease established that defendant was an out-of-possession landlord with no duty to remove snow or ice (see Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616, 617 [2d Dept 2007]; Scott v Bergstol, 11 AD3d 525, 526 [2d Dept 2004]), and defendant's contractual right to re-enter the premises "did not create a situation where [defendant] retained control over the parking lot" (Carvano v Morgan, 270 AD2d 222, 223 [2d Dept 2000]; see Ferro v Burton, 45 AD3d 1454, 1455 [4th Dept 2007]). In opposition to the motion, plaintiff failed to raise a triable issue of fact. Contrary to plaintiff's contention, the agency lease agreement between defendant and the Erie County Industrial Development Agency does not raise an issue of fact whether defendant had a duty to remove snow or ice from the parking lot because that agreement is silent on snow and ice removal. Thus, "the tenant bore the sole contractual responsibility for clearing snow and ice from the premises" and Supreme Court properly granted the motion for summary judgment dismissing the amended complaint with respect to defendant (Vijayan v Bally's Total Fitness, 289 AD2d 224, 225 [2d Dept 2001]).
Plaintiff's remaining contentions either are without merit or have been rendered academic by our determination.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court