■ MUSEUMS AT STONY BROOK, Appellant, v VILLAGE OF PATCHOGUE FIRE DEPARTMENT et al., Respondents.—In an action to recover possession of an antique fire engine, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Mallon, J.), entered April 4, 1988, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action concerns a dispute over ownership of an antique fire engine known as the "Honey Bee".

In 1903, the defendant Patchogue Fire Department transferred the Honey Bee to the Association of Exempt Firemen of Patchogue (hereinafter the Association), with the approval of the Board of Trustees of the Village of Patchogue, in exchange for a modern hose wagon and firemen's uniforms.

The Association retained possession of the Honey Bee until May 1951 when it was transferred to the Suffolk Museum, the predecessor of the plaintiff, The Museums at Stony Brook. Whether this transfer constituted a sale, gift, or loan cannot be determined on this record.

At various times between 1953 and 1975, the museum "lent" the Honey Bee to the Patchogue Fire Department for short periods of time during which it was placed on public display.

The Mayor of the Village of Patchogue made inquiry of the museum as to the ownership of the Honey Bee in August 1975 and again in January 1976. At that time, the fire engine was

in the possession of the Patchogue Fire Department. In response the museum indicated that the Honey Bee was owned by the museum and that title would not be relinquished. In August 1976, the museum agreed to "loan" the Honey Bee to the Patchogue Fire Department on a long-term basis subject to annual review. Following approval by the Village Board of Trustees, a loan agreement was executed by the Chief of the Patchogue Fire Department and the museum. Significantly, neither the loan agreement nor any of the communications between the parties expressly stated that title of the Honey Bee vested in the museum. The loan agreement was renewed annually until June 5, 1986, when the museum notified the Fire Department that the Honey Bee would be recalled in October 1986 for exhibition in a new "Carriage Museum". The Fire Department refused to relinquish the Honey Bee.

After filing a notice of claim, the plaintiff museum commenced this action against the Village of Patchogue and the Patchogue Fire Department seeking possession of the Honey Bee. Following the joinder of issue, the plaintiff moved, *inter alia*, pursuant to CPLR 3212 for summary judgment directing the defendants to return the Honey Bee to the museum. The defendants opposed the motion submitting documentary evidence, as well as affidavits of members of both the Association and the Patchogue Fire Department. These affidavits raised mixed questions of law and fact regarding the nature of the 1951 transfer from the Association to the museum and the significance of the defendants' decision to enter into a series of loan agreements with the plaintiff rather than continue the ongoing dispute over title to the fire engine.

By order entered April 4, 1988, the Supreme Court properly denied the plaintiff's motion for summary judgment concluding that the existence of various unresolved issues of fact precluded the rendering of judgment in the plaintiff's favor as a matter of law.

It is well settled that in order to grant summary judgment it must clearly appear that no material issues of fact have been presented. Issue finding rather than issue determination is the key to the procedure *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Abad,* 271 App Div 725, 727). Since summary judgment is the procedural equivalent of a trial, if there is any doubt as to the existence of a triable issue or where the material issue of fact is "arguable", summary judgment must be denied *(Phillips v Kantor & Co.,* 31 NY2d 307; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223). Moreover, the proof of the party

opposing the motion must be accepted as true and considered in a light most favorable to it *(see, Dowsey v Megerian,* 121 AD2d 497).

Based upon our review of the record, we conclude that factual issues must be resolved in order to determine which party holds title to the Honey Bee.

We have reviewed the plaintiff's remaining contentions and find that they cannot be resolved on this record. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.