■ CHARLES SALINO, Doing Business as PARKSIDE SERVICE CENTER OF BROOKLYN, Appellant, v IPT TRUCKING, INC., et al., Defendants, and STAR ENTERPRISE, Respondent. [610 NYS2d 77] —In an action, *inter alia,* to recover damages for breach of contract regarding the termination of a franchise agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), entered March 19, 1992, which granted the motion of the defendant Star Enterprise for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. Issue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where the material issue of fact is "arguable", requires denial of summary judgment *(see, Museums at Stony Brook v Village of Patchogue Fire Dept.,* 146 AD2d 572).

There are issues of fact as to whether a franchise relationship, pursuant to the Petroleum Marketing Practices Act (15 USC § 2801 *et seq.),* existed in 1990 between the defendant Star Enterprise and the plaintiff Charles Salino, either individually or as an officer of Parkside Service Center of Brooklyn, the successor in interest to Parkside Service Center, Inc., since 1984 *(see generally, Glenn v Exxon Co.,* 801 F Supp 1290). Thus, the Supreme Court erred in granting summary judgment in favor of the defendant Star Enterprise *(see, Museums at Stony Brook v Village of Patchogue Fire Dept., supra).* Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.