■ WALTER SCHULZ, JR., et al., Appellants, v ANTHONY ESPOSITO et al., Defendants and Third-Party Plaintiffs-Appellants. RAYMOND SERVIDIO, INC., Third-Party Defendant-Respondent. [619 NYS2d 774] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 25, 1993, which granted the motion of the defendant J.M. #4 Construction, Inc., for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the respondent J.M. #4 Construction, Inc., the motion for summary judgment is denied, and the complaint and cross claims are reinstated insofar as asserted against J.M. #4 Construction, Inc.

The plaintiff was injured when he fell off a roof while doing tarpapering work. The house was owned by the defendant Anthony Esposito, who had hired the codefendant J.M. #4 Construction, Inc., to be the general contractor in the construction of the house. During the course of construction, the owner undertook some of the duties normally assumed by the general contractor, including the hiring of a subcontractor, the third-party defendant Raymond Servidio, Inc. (hereinafter

Servidio), to perform tarpapering services. Servidio in turn engaged the plaintiff to do the actual work on the roof.

Following discovery, the Supreme Court granted the general contractor's motion for summary judgment, finding that it neither controlled nor supervised the work which the plaintiff was engaged in when he was injured. We now reverse.

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. Issue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, if there is any doubt as to the existence of a triable issue of fact or where the material issue of fact is "arguable", summary judgment must be denied (*Salino v IPT Trucking*, 203 AD2d 352; *Museums at Stony Brook v Village of Patchogue Fire Dept.*, 146 AD2d 572).

Labor Law §§ 240 and 241 essentially provide that all contractors and owners, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall undertake certain measures to protect the individuals employed in construction or demolition work. Based upon the record before us, we find that the owner did exercise a measure of direction and control over the roofing work. Nevertheless, it is not clear that the owner exercised sole supervisory authority concerning this work. There remain questions of fact concerning the authority which was exercised and retained by the general contractor to control and direct all aspects of the construction work, including the tarpapering activity of the plaintiff. For example, the general contractor employed an on-site supervisor who supervised all subcontractors on the job, including those hired by the owner. Indeed, the owner did not hire Servidio to perform the tarpapering work before he had discussed the matter with this on-site supervisor. Under these circumstances, there is a triable issue of fact which is sufficient to defeat the general contractor's motion for summary judgment (*cf., Russin v Picciano & Son*, 54 NY2d 311). Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.