■ JOHN STALTER, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, et al., Defendant. (And a Third-Party Action.) [632 NYS2d 602] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 2, 1993, which granted the motion of the defendant Prudential Insurance Company of America for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, with costs, the defendant's motion is denied, and the complaint is reinstated as against the defendant Prudential Insurance Company of America.

On October 31, 1986, the plaintiff, John Stalter, was an employee of the third-party defendant, James M. Inman Construction Corporation. While working on a construction project, the plaintiff lost control of a cart that he was pushing down an exterior ramp at the rear of a Macy's Department Store located in the Smithhaven Mall. His injury occurred when he tripped over a bump or "crown" on the ramp.

Macy's had leased its premises from Winston Mall, Inc., in

1966. That lease was assigned by Winston Mall, Inc. to Brooksmith Properties in 1975, whose interests were transferred to the defendant Prudential Insurance Company of America (hereinafter Prudential) on or about June 30, 1986.

Prudential moved for summary judgment on the ground that Macy's was responsible for the repair and maintenance of the ramp where the accident occurred. The Supreme Court granted the motion and we now reverse.

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. Issue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where the material issue is "arguable", requires the denial of summary judgment (see, Salino v IPT Trucking, 203 AD2d 352; Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572).

Generally, an out-of-possession landlord's liability for injuries caused by defective or dangerous conditions upon leased premises hinges on whether the landlord has retained sufficient control over the premises to be held to have constructive notice of the condition. Control of the premises may be established by a number of factors, including a landlord's reservation of the right to enter and repair, which may be deemed to constitute sufficient retention of control and to provide the landlord with constructive notice of a defective condition, thereby subjecting the landlord to liability (see, Hecht v Vanderbilt Assocs., 141 AD2d 696; see also, Putnam v Stout, 38 NY2d 607).

A review of the entire lease between Prudential and Macy's reveals a definition of common areas, which raises issues of fact as to the joint responsibility of Prudential and Macy's for the maintenance of the exterior ramp where this accident occurred. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.