■ LEONARD J. GREGORIO, Plaintiff, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants and DEFOE CORP., Defendant and Third-Party Plaintiff-Appellant. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., et al., Third-Party Defendants-Respondents. [638 NYS2d 355] —In an action to recover damages for personal injuries and wrongful death, the defendant third-party plaintiff appeals from an order of the Supreme Court,

Westchester County (Fredman, J.), entered February 28, 1994, which denied its motion (1) for partial summary judgment in the third-party action seeking contractual indemnification from the third-party defendant, and (2) for summary judgment in the second third-party action declaring (a) that the third-party defendants must defend and indemnify it, or (b) that the third-party defendant Rice Mohawk U.S. Construction Co., Ltd., breached its contract with it.

Ordered that the order is affirmed, with costs.

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. Issue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where a material issue of fact is arguable, requires denial of summary judgment (see, Salino v IPT Trucking, 203 AD2d 352; Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572).

We have reviewed the record and agree with the Supreme Court's determination. The indemnity provisions of the subcontract between the respondent Rice Mohawk U.S. Construction Co., Ltd. (hereinafter Rice Mohawk), and the appellant DeFoe Corp. (hereinafter DeFoe), when read in conjunction with the terms of the indemnity policy that Rice Mohawk obtained from respondent New York Marine & General Insurance Company (hereinafter New York Marine) (see, Lavanant v General Acc. Ins. Co., 79 NY2d 623) raise issues of fact regarding the alleged breach by Rice Mohawk of its duty to defend and indemnify DeFoe as an additional insured under the policy issued by New York Marine in the main action brought on behalf of Rice Mohawk's deceased employee (see, Smith v Cassadaga Val. School Dist., 178 AD2d 955). Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.