■ COMMUNITY CARE SERVICES, INC., Respondent, v ADAM HEALTHCARE EQUIPMENT CORP. et al., Appellants. [656 NYS2d 945] —In an action to recover damages for fraud and breach of contract, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered

March 8, 1996, which, *inter alia,* denied those branches of their motion which were (a) to add certain counterclaims and additional parties, (b) for partial summary judgment on their counterclaims, and (c) to vacate so much of a prior order of the same court dated July 11, 1995, which, upon granting the unopposed motion of the additional defendants to dismiss the counterclaims insofar as asserted against them, imposed motion costs of $500 and granted the plaintiff's cross motion for summary judgment dismissing certain counterclaims, and (2) an order of the same court entered April 26, 1996, which denied their motion to renew and reargue, and imposed additional motion costs of $500.

Ordered that the appeal from so much of the order entered April 26, 1996, as denied that branch of the defendants' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 8, 1996, is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was to vacate so much of the order dated July 11, 1995, as imposed motion costs of $500 and substituting therefor a provision granting that branch of the motion to the extent of reducing the amount of motion costs awarded to the plaintiff to $100 pursuant to CPLR 8202; as so modified, the order is affirmed insofar as appealed from, and the order dated July 11, 1995, is modified accordingly; and it is further,

Ordered that the order entered April 26, 1996, is modified, on the law, by deleting the provision thereof which awarded motion costs in the sum of $500 and substituting therefor a provision awarding motion costs in the sum of $100 pursuant to CPLR 8202; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants contend that the Supreme Court improperly imposed sanctions in the amount of $500 pursuant to its order dated July 11, 1995, and its order entered April 26, 1996. This contention is without merit. The Supreme Court specifically stated that it would be awarding "motion costs" but had considered the imposition of sanctions. However, the court did exceed its authority in awarding "costs" of $500.

Pursuant to CPLR 8202, costs awarded on a motion are to be fixed by the court in an amount not to exceed $100. As such, the court's imposition of motion costs in the amount of $500 in each order was improper.

The defendants' contentions to the effect that the Supreme

Court improperly denied their motion for summary judgment dismissing the complaint is without merit, as there exist triable issues of fact precluding summary relief (*see, Zuckerman v City of New York,* 49 NY2d 557). Similarly, the defendants' contention that the Supreme Court erred in denying their motion for summary judgment as to certain counterclaims is also without merit where, as here, there exist triable issues of fact (*see, Museums at Stony Brook v Village of Patchogue Fire Dept.,* 146 AD2d 572).

The defendants' remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.