(May 29, 2001)

■ JAY ABRAMS et al., Appellants, v SUZANNE BERELSON, Respondent. [725 NYS2d 81] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Ponterio, J.), dated August 30, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While cleaning a house owned by the defendant, the plaintiff Jay Abrams was injured when his coworker accidentally fired a rifle and the bullet struck his face. The coworker allegedly found the rifle in one of the closets which he had been cleaning. Although the defendant owned the house at the time of

the accident, she had not lived in the house since she moved out 20 years earlier, and had no control over the house until her mother died two months before the accident. The plaintiffs commenced this action against the defendant alleging that she was negligent in failing to remove the dangerous condition or to warn the injured plaintiff of the dangerous condition. The defendant moved for summary judgment dismissing the complaint on the ground that she did not have notice of the dangerous condition.

Generally, to hold an out-of-possession owner liable for injuries caused by defective or dangerous conditions upon the property, the owner must have retained sufficient control over the premises and must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he or she could have corrected it (*see, Putnam v Stout,* 38 NY2d 607, 612; *Carvano v Morgan,* 270 AD2d 222, 223; *Lanthier v Feroleto,* 237 AD2d 877; *Stark v Port Auth.,* 224 AD2d 681; *Stalter v Prudential Ins. Co.,* 220 AD2d 577, 578; *Pirillo v Long Is. R. R.,* 208 AD2d 818). "There must be some proof that the potential danger reasonably could have been neutralized and that its existence was or should have been discovered by the [landowner]" (*Preston v State of New York,* 59 NY2d 997, 999; *see, Busto v Tamucci,* 251 AD2d 441, 442; *Brown v Marathon Realty,* 170 AD2d 426, 427). The defendant established that she did not have actual or constructive notice of the presence of the rifle in the closet. In response, the plaintiffs only speculated that the defendant had notice of the rifle. Therefore, the motion for summary judgment was properly granted. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.