■ MIGUEL QUITO, Appellant, v SUSAN GUARINO et al., Respondents. [731 NYS2d 498] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated September 1, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated January 26, 2001, which denied that branch of his motion which was for reargument of that branch of the defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 25th Street Auto Center Corp. and granted that branch of his motion which was for reargument of that branch of the defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Susan Guarino, and upon reargument of that branch of his motion, adhered to the original determination.

Ordered that the appeal from so much of the order dated January 26, 2001, as denied reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated September 1, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Susan Guarino is dismissed, without costs or disbursements, as that portion of

that order was superseded by the order dated January 26, 2001, made upon reargument; and it is further,

Ordered that so much of the order dated September 1, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 25th Street Auto Center Corp. is affirmed, without costs or disbursements; and it is further,

Ordered that so much of the order dated January 26, 2001, as, upon reargument, adhered to the determination made in the order dated September 1, 2000, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Susan Guarino is reversed, on the law, without costs or disbursements, on reargument, that branch of the defendants' motion is denied, and the order dated September 1, 2000, is modified accordingly.

Contrary to the plaintiff's contention, the defendants offered sufficient evidence to eliminate any material issue of fact as to whether the plaintiff's exclusive remedy against his employer, the defendant 25th Street Auto Center Corp., was limited to recovery under the Workers' Compensation Law, thus establishing their entitlement to judgment as a matter of law regarding that defendant (see, CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562; see also, Workers' Compensation Law §§ 10, 11). The plaintiff admitted that he had collected Workers' Compensation benefits, and the documentary evidence proved that 25th Street Auto Center Corp. was his employer. Therefore, the Supreme Court properly granted summary judgment dismissing the complaint insofar as it was asserted against that defendant.

We agree, however, that the Supreme Court erred in granting summary judgment to the defendant Susan Guarino, since she failed to offer any admissible evidence to eliminate triable issues of material fact as to her defense that she was an out-of-possession owner of real property who did not retain control of the premises where the accident occurred, thus failing to sustain her burden of proving her entitlement to summary judgment as a matter of law (see, CPLR 3212 [b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, supra; Wright v Feinblum, 220 AD2d 660; Suarez v Skateland Presents Laces, 187 AD2d 500). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.