◼ Herbert Stahl et al., Appellants, v Joseph Stralberg et al., Respondents. [731 NYS2d 749] —In an action, inter alia, to remove encroaching structures pursuant to RPAPL 871, the plaintiffs appeal from an order of the Supreme Court, Kings County (Cammer, J.), entered August 8, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The parties own adjoining parcels of real property in Kings County. In July 1999, the plaintiffs commenced this action alleging that a balcony that the defendants constructed over

their driveway in May 1999 encroached upon the plaintiffs' property and interfered with an easement that the plaintiffs have for a roof overhang above the defendants' property. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We reverse.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Failure to make such showing requires denial of the motion regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

In support of their motion for summary judgment dismissing the complaint, the defendants failed to demonstrate prima facie their entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp., supra*). Counsel's affirmation in support of the motion, made without personal knowledge of the facts, was not competent (*cf., David Graubart, Inc. v Bank Leumi Trust Co.,* 48 NY2d 554, 559; *S.J. Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Further, the defendants' submissions of an unauthenticated survey as well as unauthenticated photographs of the property were improperly considered by the trial court (*see, Gutierrez v Cohen,* 227 AD2d 447, 448). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.