■ IRENE WINBY et al., Respondents, v DIMITRA KUSTAS, Appellant, et al., Defendant. (And a Third-Party Action.) [775 NYS2d 906]——

In an action to recover damages for personal injuries, etc., the defendant Dimitra Kustas appeals from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 15, 2003, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A property owner is not liable in negligence unless he or she created the allegedly dangerous condition or had actual or constructive notice of its existence (*see Voss v D&C Parking,* 299 AD2d 346 [2002]). While an out-of-possession owner is generally not liable for injuries that occur on leased premises, one who retains control of the premises, or contracts to repair or maintain the property, may be liable for defects (*see Eckers v Suede,* 294 AD2d 533 [2002]; *Gilbert v 4905 Ave. D Realty,* 224 AD2d 659 [1996]. "Control of the premises may be established by proof of the landlord's promise, either written or otherwise, to keep certain premises in repair (*see, Putnam v Stout,* 38 NY2d 607 [1976]), or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises" (*Gelardo v ASMA Realty Corp.,* 137 AD2d 787, 788 [1988]).

Here, the defendant Dimitra Kustas failed to meet her prima facie burden on her motion for summary judgment of showing that she did not retain control over the subject premises and, in

any event, lacked notice of the allegedly dangerous condition where the injured plaintiff fell (*see Jenkins v Ehmer,* 272 AD2d 976, 977 [2000]). She failed to tender evidence sufficient to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

Therefore, the burden did not shift to the plaintiffs to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]), and the motion was properly denied. Florio, J.P., Smith, Crane and Rivera, JJ., concur.