■ CAROL A. ZEPPETELLI, Respondent, v 1372 BROADWAY, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. STRUCTURE TONE, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [779 NYS2d 913]—

In an action to recover damages for personal injuries, the defendants 1372 Broadway, LLC, and Grubb & Ellis Management Services, Inc., and the third-party defendant Structure Tone, Inc., appeal from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered June 13, 2003, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the appeal by the third party defendant Structure Tone, Inc., is dismissed as abandoned (*see* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly determined that the defendants failed to demonstrate prima facie entitlement to judgment as a matter of law in support of their cross motion for summary judgment dismissing the complaint. The defendants relied on the argument made by the third-party defendant Miller Savarese Associates, Architects, P.C. (hereinafter MSA), in its motion for summary judgment dismissing the third-party complaint. However, MSA's argument that it conformed to accepted architectural practices did not address the defendants' duties toward the plaintiff. Specifically, the defendants failed to demonstrate that the defendant 1372 Broadway, LLC, was an out-of-possession landlord that did not retain control of the premises, or that they lacked actual or constructive notice of an alleged dangerous condition on the premises (*see generally Abrams v Berelson,* 283 AD2d 597, 598 [2001]). Therefore, the Supreme Court properly determined that the burden never shifted to the plaintiff to submit evidence raising a triable issue of fact (*see Stahl v Stralberg,* 287 AD2d 613, 614 [2001]).

In view of the foregoing, we need not reach the parties'

remaining contentions. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.