■ EUSEBIA CERRITOS, Appellant, v JULIO CESAR NUNEZ-REYES et al., Defendants, and 94-20 NORTHERN BLVD. REALTY CORP., Respondent. [783 NYS2d 833]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated June 10, 2003, which granted that branch of the motion of the defendant 94-20 Northern Blvd. Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant 94-20 Northern Blvd. Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the complaint is reinstated against that defendant.

On July 2, 2001, the plaintiff was injured when she fell on a staircase located on premises leased to the defendant El Gallo Restaurant (hereinafter the restaurant) and owned by the defendant 94-20 Northern Blvd. Realty Corp. (hereinafter the landlord). The plaintiff commenced this action to recover damages for personal injuries against, among others, the restaurant and the landlord, alleging that they were negligent in maintaining and repairing the staircase.

The landlord failed to establish its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). There are triable issues of fact regarding the landlord's contention that it was an out-of-possession owner which did not retain control over the subject property or have a duty to maintain or repair the staircase (*see Winby v Kustas,* 7 AD3d 615 [2004]; *Quito v Guarino,* 287 AD2d 554, 555 [2001]). Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.