■ ANGELA MARIA MOLINA, Respondent, v RAFAEL O. PEREZ, Appellant, and MANUEL ANTONIO PEREZ, Respondent. [794 NYS2d 433]—

In an action to recover damages for personal injuries, the defendant Rafael O. Perez appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 9, 2004, as denied those branches of his motion which were for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his cross claim for indemnification for any damages arising from his own negligence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly sustained serious injuries on December 29, 1999, at 5:00 P.M., when she slipped and fell on a patch of ice on the sidewalk abutting 378 Bedford Avenue in Brooklyn, which is owned by the defendant Rafael O. Perez (hereinafter the landlord). The defendant Manuel Antonio Perez (hereinafter the tenant), the landlord's brother, leased 378 Bedford Avenue for his refrigerator repair shop. The plaintiff testified that she did not see ice or snow on the ground in front of the premises, at 8:30 A.M. on the day of the accident. According to the plaintiff's uncontroverted testimony, it was below freezing at the time of the accident, and there had been no precipitation all day.

The landlord, who was also the tenant's employee, established his prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against him by demonstrating that he remained indoors at the repair shop the entire day, and did not operate a water hose outside the store or otherwise create the icy condition. In opposition, the tenant and the plaintiff raised a triable issue of fact as to whether the landlord directed

someone to use the water hose on the sidewalk outside the store where the accident occurred (*see Winby v Kustas,* 7 AD3d 615 [2004]; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787 [1988]).

The Supreme Court properly denied that branch of the landlord's motion which was for indemnification for any negligence attributable to his own actions (*see* General Obligations. Law § 5-321; *Gibson v Bally Total Fitness Corp.,* 1 AD3d 477 [2003]).

The parties' remaining contentions are without merit. Cozier, J.P., Ritter, Spolzino and Skelos, JJ., concur.