▮ MARIA DE LOS ANGELES ESCALANTE ROSAS, Respondent, v 397 BROADWAY CORP., Appellant, et al., Defendant. (And a Third-Party Action.) [797 NYS2d 546]—

In an action, inter alia, to recover damages for wrongful death, the defendant 397 Broadway Corp. appeals from an order of the Supreme Court, Westchester County (Dillon, J.), entered July 6, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A property owner is not liable in negligence unless he or she created the allegedly dangerous condition or had actual or constructive notice of its existence (*see Voss v D&C Parking*, 299 AD2d 346 [2002]). In cases involving out-of-possession owners, while the owner is generally not liable for injuries resulting from the condition of the leased premises, one who retains control of the premises or contracts to repair or maintain property may be liable for defects (*see Winby v Kustas*, 7 AD3d 615 [2004]; *Eckers v Suede*, 294 AD2d 533 [2002]).

Here, the individual who was president of both the corporate landlord and the corporate tenant was the same person. The proof submitted shows he was present at the site every day. Thus, the appellant did not establish a lack of actual notice of the alleged defect. The motion was properly denied because there was a failure to offer evidence to eliminate triable issues of fact as to the appellant's defense that it was an out-of-possession owner of real property who did not retain control of the premises where the accident occurred (*see Winby v Kustas, supra*; *Sutherland v Whylie*, 292 AD2d 518 [2002]; *Quito v Guarino*, 287 AD2d 554 [2001]; *Jenkins v Ehmer*, 272 AD2d 976 [2000]; *Mikolajczyk v Morgan Contrs.*, 273 AD2d 864 [2000]). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.