■ NOAH DANIEL DUNITZ, Respondent, v J.L.M. CONSULTING CORP., Doing Business as JACKSON'S STEAKHOUSE, Defendant, and CHESTER LEBARON, Appellant. [803 NYS2d 653]—

In an action to recover damages for personal injuries, the defendant Chester LeBaron appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 14, 2005, which granted the plaintiff's motion for leave to reargue the prior motion of the defendant Chester LeBaron for summary judgment dismissing the complaint insofar as asserted against him and, upon reargument, in effect, vacated a prior order dated November 16, 2004, granting the motion for summary judgment, and denied the motion.

Ordered that the order is affirmed, with costs.

The plaintiff, a wheelchair-bound patron at Jackson's Steakhouse, allegedly was injured when he fell off the edge of a concrete, semi-circular step as he was exiting the restaurant through a lobby. The plaintiff commenced this action against the appellant, the owner of the building and the restaurant, which leased the premises. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him, contending, inter alia, that he could not be held liable because he was an out-of-possession landlord and because the alleged dangerous condition of the step and the area where the plaintiff fell was open and obvious. The Supreme Court granted the motion, and the plaintiff moved for leave to reargue. The court granted the plaintiff's motion and, upon reargument, denied the appellant's motion. We affirm.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue, because the plaintiff demonstrated that the court had overlooked certain facts and misapplied the law in its initial order (see *Loland v City of New York*, 212 AD2d 674 [1995]).

"An out-of-possession landlord is not liable for injuries occurring on the premises unless it has retained control of the premises or is contractually obligated to perform maintenance and repairs" (*Roveto v VHT Enters., Inc.*, 17 AD3d 341, 341-342 [2005]). A landlord who has retained sufficient control over the premises may be liable if he or she has "actual or constructive notice of [a dangerous] condition for such a period of time that, in the exercise of reasonable care, he or she could have corrected it" (*Abrams v Berelson*, 283 AD2d 597, 598 [2001]). The appellant failed to demonstrate his prima facie entitlement to judgment as a matter of law by establishing that he did not maintain control of the premises or that he lacked actual or constructive notice of the alleged defective condition (see *Zeppetelli v 1372 Broadway, LLC*, 8 AD3d 665 [2004]). Further, the

alleged open and obvious nature of the condition is relevant on the issue of the plaintiff's comparative fault, but does not absolve the appellant of liability (*see Roussos v Ciccotto*, 15 AD3d 641, 643 [2005]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.