■ KEVIN TAYLOR et al., Appellants, v MELISSA LASTRES, Respondent. (And a Third-Party Action.) [847 NYS2d 139]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Harkavy, J.), entered June 2, 2006, which, upon (a) an order of the same court dated March 22, 2005, granting those branches of the defendant's motion which were for summary judgment dismissing the claims alleging violations of Labor Law §§ 200, 240 (1); and § 241 (6), and (b) an order of the same court dated January 18, 2006, which, upon renewal, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the claim alleging common-law negligence, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which, upon the order dated January 18, 2006, dismissed the claim alleging common-law negligence, and that claim is reinstated and severed; as so modified, the judgment is affirmed, with costs to the plaintiffs, and the order dated January 18, 2006, is modified accordingly.

The plaintiffs' claim alleging common-law negligence should not have been dismissed at this juncture. An out-of-possession landlord is not liable for injuries that occur on its premises unless it retains control over the premises or is contractually bound to repair unsafe conditions (see Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616 [2007]; Yadegar v International Food Mkt., 37 AD3d 595 [2007]; Scott v Bergstol, 11 AD3d 525 [2004]). Control may be evidenced by lease provisions making the landlord responsible for repairs or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises (see Ever Win, Inc. v 1-10 Indus. Assoc., LLC, 33 AD3d 845 [2006]; Winby v Kustas, 7 AD3d 615 [2004]).

Here, the defendant failed to submit evidence sufficient to establish, prima facie, that the backyard where the accident occurred had been leased to her tenants and that she did not

retain control over the premises (*see Winby v Kustas*, 7 AD3d 615 [2004]; *see generally Massucci v Amoco Oil Co.*, 292 AD2d 351 [2002]; *Stalter v Prudential Ins. Co. of Am.*, 220 AD2d 577 [1995]). Additionally, a triable issue of fact exists as to whether the defendant had notice of the alleged defect which caused the injured plaintiff to fall, and whether she was negligent in failing to warn of the alleged defect (*see Winby v Kustas*, 7 AD3d 615 [2004]). Accordingly, upon renewal, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the claim alleging common-law negligence.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.