■ ANGELA LALICATA et al., Respondents, v 39-15 SKILLMAN REALTY CO., LLC, et al., Appellants. [882 NYS2d 185]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated November 13, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On November 21, 2005 the plaintiff Angela Lalicata (hereinafter the plaintiff) allegedly was injured when she tripped and fell on a cracked or chipped step while descending a staircase in a building owned by the defendants 39-15 Skillman Realty Co., LLC, and Skillman Realty Co. The plaintiff used this staircase to access the basement of the building, which her employer Brooks Brothers, Inc. (hereinafter Brooks Brothers), leased from the defendants. After commencement of the instant action, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and we affirm.

"An out-of-possession landlord is not liable for injuries that occur on its premises unless it retains control over the premises or is contractually bound to repair unsafe conditions" (*Taylor v Lastres*, 45 AD3d 835, 835 [2007]; *see Dunitz v J.L.M. Consulting Corp.*, 22 AD3d 455 [2005]; *Roveto v VHT Enters., Inc.*, 17 AD3d 341, 341-342 [2005]; *Scott v Bergstol*, 11 AD3d 525, 526 [2004]). Here, the Supreme Court properly determined that the defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that they did not maintain control of the subject staircase or that they were not contractually obligated by their lease to maintain or repair the allegedly defective condition thereat (*see Ever Win, Inc. v 1-10 Indus. Assoc., LLC*, 33 AD3d 845 [2006]; *Zeppetelli v 1372 Broadway, LLC*, 8 AD3d 665 [2004]). Although the defendants established, inter alia, that they did not retain an office in the building and that employees of Brooks Brothers were responsible for painting and sweeping the staircase, they failed to provide a complete copy of the lease between the defendants and Brooks Brothers demonstrating their lack of control or contractual obligation to maintain the stairs (*see Robinson v City of New York*, 37 AD3d 447, 448 [2007]; *Rosas v 397 Broadway Corp.*, 19 AD3d 574 [2005]; *Winby v Kustas*, 7 AD3d 615 [2004]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.