■ VIRGINIA NUNEZ FERNANDEZ et al., Appellants, v TOWN OF BABYLON et al., Respondents. (And a Third-Party Action.) [897 NYS2d 510]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered August 8, 2008, as granted those branches of the motion of the defendant Town of

Babylon and the cross motion of the defendant Omni Recycling of Westbury, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) so much of a judgment of the same court entered September 12, 2008, as, upon the order, is in favor of the defendant Town of Babylon and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Town of Babylon which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed; and it is further,

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant Omni Recycling of Westbury, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed as academic; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Town of Babylon which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Town of Babylon.

The appeal from so much of the order as granted that branch of the motion of the defendant Town of Babylon which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Gabriel Nunez and Willians Bonilla were employees of Omni Recycling of Babylon, Inc. (hereinafter Omni Babylon). Omni Babylon operated a recycling facility (hereinafter the facility) which provided recycling services for the defendant Town of Babylon pursuant to a written "Recycling Services Agreement" (hereinafter the Agreement) with the Town. The Town owned at least a portion of the premises upon which the facility was located.

On February 8, 2000, Nunez fell into a open manhole/dry well at the facility, and Bonilla descended into the manhole to rescue him. The manhole's cover was removed at the time of the accident. After the men were eventually removed from the

manhole, Nunez died, and Bonilla received medical treatment for chemical exposure.

The plaintiffs commenced this action against, among others, the Town and Omni Recycling of Westbury, Inc. (hereinafter Omni Westbury), a recycling corporation owned by one of Omni Babylon's shareholders. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was an out-of-possession landlord which did not control the premises where the facility was located and was not contractually obligated to perform maintenance or repairs. Omni Westbury cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, inter alia, granted those branches of the motion and cross motion, and subsequently entered a judgment upon the order which, among other things, was in favor of the Town and against the plaintiffs dismissing the complaint insofar as asserted against the Town.

The Supreme Court should have denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "An out-of-possession landlord is not liable for injuries that occur on its premises unless it retains control over the premises or is contractually bound to repair unsafe conditions" (*Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889, 890 [2009] [internal quotation marks omitted]). "Control may be evidenced by lease provisions making the landlord responsible for repairs or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises" (*Taylor v Lastres*, 45 AD3d 835, 835 [2007]).

Here, the Town failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that it did not maintain control of the manhole and its cover (*see Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d at 890; *Taylor v Lastres*, 45 AD3d at 835-836). In support of its motion, the Town proffered the deposition testimony of Anthony E. Core, the president of Omni Babylon and Omni Westbury. He testified that the Town owned the premises upon which the facility was located, including the manhole, that the Town had arranged for the installation of the manhole cover when the facility was built, and that Omni Babylon had performed no additional construction with regard to the manhole cover. Additionally, Core testified that in February 2000, if the manhole cover was damaged, he did not know who was responsible for repairing it or replacing it. Such testimony failed to establish that the Town did not maintain control of the manhole or its cover.

Moreover, the terms of the Agreement, which the Town submitted in support of its motion, did not establish that the Town was a mere out-of-possession landlord which had relinquished control over the premises upon which the facility was located. Although the Agreement provided that Omni Babylon was responsible for operating and maintaining the facility, it also expressly granted the Town permission to use the facility for certain enumerated purposes, including the delivery of recycling materials and the weighing of Town vehicles.

In sum, the Town failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that it lacked control over the area where the accident occurred (*see Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d at 890). Moreover, it failed to make a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous and defective condition (*see Danielson v Jameco Operating Corp.*, 20 AD3d 446, 448 [2005]; *cf. Ever Win, Inc. v 1-10 Indus. Assoc., LLC*, 33 AD3d 845, 846 [2006]). Accordingly, that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In light of this determination, we need not examine the sufficiency of the plaintiffs' opposition papers with regard thereto (*see Rapps v City of New York*, 54 AD3d 923, 924 [2008]).

In light of the plaintiffs' concession at the oral argument of this appeal, with which the Town agreed, that Omni Westbury bore no liability for the accident, the appeal from so much of the order as granted that branch of Omni Westbury's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it has been rendered academic. Dillon, J.P., Florio, Miller and Austin, JJ., concur.