■ ETHYL WOLF et al., Appellants, v FAIRFIELD INN et al., Respondents. [909 NYS2d 550]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 13, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Ethyl Wolf (hereinafter the plaintiff) allegedly tripped and fell on wiring beneath the computer she had been using in the business center of the defendant Fairfield Inn, when she stood up to leave. After joinder of issue, the defendants moved for summary judgment dismissing the complaint.

"[The] owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that the owner either created or had actual or constructive notice of the condition" (*Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010] [internal quotation marks omitted]). To permit a finding of constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time [for the defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The defendants established their entitlement to judgment as a matter of law dismissing the complaint by demonstrating that they did not create or have actual or constructive notice of the alleged dangerous condition. Jeffrey Goldstein, the owner of the inn, as well as Lori Ann Hamilton, its manager, testified at their depositions that, prior to the occurrence, there had been no complaints about the computer and no accidents in the business center of the inn. Indeed, the plaintiff acknowledged that she had used the computer in question without incident, a short while earlier on the day of the occurrence, as well as on prior visits to the inn. In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). The plaintiffs' argument with regard to the doctrine of res ipsa loquitur is not properly before us, as it is raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.