■ JEFFREY KATZ et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [913 NYS2d 760]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohen, J.), dated August 17, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On January 6, 1997, the infant plaintiff, Jeffrey Katz, allegedly was injured when a bathroom floor collapsed beneath him on the second floor of a building located in Nesconset (hereinafter the subject premises), where he lived with his older sister and his mother, Diane Katz. At the time of the occurrence, the defendant, County of Suffolk, collected monthly rent from Diane Katz, as it owned the subject property, having acquired it by tax deed in March 1994. The Supreme Court denied the County's motion for summary judgment dismissing the complaint. We affirm.

Pursuant to County Law § 53 (2), a county that owns property by tax title may not be held liable for torts "by reason of such property being defective, out of repair, unsafe or dangerous, unless the county is in the actual physical possession, control and operation thereof as owner, or deriving a direct income therefrom; and with no greater liability than that imposed upon the individual owner of property." Here, it is undisputed that the County collected rent from Diane Katz and, thus, derived a direct income from the property. Therefore, in order for the County, as the owner of the subject property, to be held liable for injuries caused by an allegedly defective condition on the property, the plaintiffs must establish that the County either created or had actual or constructive notice of the condition (see McMahon v Gold, 78 AD3d 908 [2d Dept 2010]; Wolf v Fairfield Inn, 77 AD3d 927 [2010]). To provide constructive notice, " 'a defect must be visible and apparent and it must exist

for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it' " (*McMahon v Gold*, 78 AD3d at 909, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The County failed to establish its prima facie entitlement to judgment as a matter of law. In support of its motion, the County submitted an affidavit from John J. Austin, an employee of the Department of Real Property Acquisition and Management, as well as the transcripts from the plaintiffs' General Municipal Law § 50-h examinations. While Austin indicated that his office had not received any complaints from the plaintiffs regarding the second floor bathroom or any floor at the subject premises, Diane Katz testified at the section 50-h hearing that about a year and a half before the accident, she made many complaints about water dripping from the kitchen ceiling, and that she actually spoke to Austin on more than one occasion about the problem. According to Katz's testimony at the section 50-h hearing, the kitchen is located directly beneath the second floor bathroom where the injured plaintiff fell through the floor.

Since the evidence presented on the County's motion was insufficient to establish, prima facie, that the County did not have actual or constructive notice of the alleged condition which caused the infant plaintiff to fall through the floor of the bathroom, the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint (*see Fernandez v Town of Babylon*, 72 AD3d 636, 639 [2010]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.