■ CHERYL LAWRENCE, Respondent, v CELTIC HOLDINGS, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. [925 NYS2d 172]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered January 25, 2010, which denied their motion for summary judgment dismissing the complaint and counterclaims insofar as asserted against them and on their third-party cause of action for contractual indemnification.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff alleges that she was injured on August 26, 2003, at 30-30 Thompson Avenue in Long Island City (hereinafter the subject premises), when she approached an internal staircase and the heel of her shoe was caught in the carpeting of the floor, causing her to lose balance and fall down the stairs. She commenced this action to recover damages for personal injuries against the building owner, the defendant Celtic Holdings, LLC, and its managing agent, the defendant Jeffrey Management Corp. The defendants commenced a third-party action, inter

alia, for contractual indemnification, against the City of New York and New York City Department of Design & Construction (hereinafter together the City), which had leased the subject premises from the defendants. The City counterclaimed for indemnification and contribution.

The defendants moved for summary judgment dismissing the complaint and counterclaims and on their third-party cause of action for contractual indemnification, arguing, inter alia, that as an out-of-possession landlord, they could not be liable for injuries occurring within the leased space, and that the City had agreed, in the lease, to indemnify the defendants with respect to lawsuits involving the subject premises. The Supreme Court denied the motion, and we affirm.

An out-of-possession landlord is not liable for injuries occurring on the premises unless it has retained control over the premises or is contractually obligated to perform maintenance and repairs (*see Salaices v Gar-Ben Assoc.*, 82 AD3d 740, 741 [2011]; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889, 890 [2009]; *Taylor v Lastres*, 45 AD3d 835 [2007]; *Dunitz v J.L.M. Consulting Corp.*, 22 AD3d 455, 456 [2005]; *Roveto v VHT Enters., Inc.*, 17 AD3d 341, 341-342 [2005]). Here, the Supreme Court properly determined that pursuant to the subject lease, the defendants were contractually bound to perform maintenance and repairs to the area of the alleged accident at the time that it occurred.

Contrary to the defendants' contention, the Supreme Court did not abuse or improvidently exercise its discretion in considering the plaintiff's untimely opposition papers inasmuch as the defendants were not prejudiced thereby (*see* CPLR 2004, 2214; *Vlassis v Corines*, 254 AD2d 273, 274 [1998]; *Vento v City of New York*, 247 AD2d 535 [1998]; *Kavakis v Total Care Sys.*, 209 AD2d 480 [1994]). Furthermore, the Supreme Court properly found that the plaintiff's affidavit, submitted in opposition to the defendants' motion, raised a triable issue of fact as to whether the subject carpeting was defective and whether the defendants had constructive notice of that condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Drago v DeLuccio*, 79 AD3d 966 [2010]; *Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629 [2009]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law on their third-party cause of action for contractual indemnification (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants' contention that the City breached section 7.4 (c) of the lease is improperly raised for the first time on appeal.

We decline the City's request to search the record and award it summary judgment dismissing the third-party cause of action for contractual indemnification. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.