Neptune Medical Care, P.C., as Assignee of Mercedes Sinclair, Appellant,
against
Dairyland Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered January 8, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits in the principal sum of $2,279.17, plaintiff appeals from an order which denied its motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Plaintiff moved for summary judgment as assignee of Mercedes Sinclair. The affidavit submitted by plaintiff's employee in support of the motion was sufficient to establish plaintiff's prima facie entitlement to summary judgment with respect to the services at issue (see Insurance Law § 5106 [a]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]). Defendant opposed the motion, and cross-moved for summary judgment, on the ground that defendant had paid the claim at issue. While plaintiff argues that defendant's cross motion should have been denied because of procedural defects, plaintiff failed to assert, let alone demonstrate, prejudice in support of its contentions that the substitution of defense counsel had not been performed in accordance with CPLR 321 (b) (1) (see EIFS, Inc. v Morie Co., 298 AD2d 548, 550 [2002]); that defendant's cross motion was untimely (see Lawrence v Celtic Holding, LLC, 85 AD3d 874, 875 [2011]; Kavakis v Total Care Sys., 209 AD2d 480 [1994]); and that defendant had failed to annex a copy of the pleadings to its cross motion (see CPLR 2001). In any event, plaintiff submitted the pleadings in support of its motion, and, thus, the record is "sufficiently complete" (Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 691 [2014]).
Defendant acknowledges its receipt of the disputed claim in the amount of $2,279.17. While defendant contends that it issued a check to plaintiff in the amount at issue, and defendant proffered a copy of the canceled check, defendant failed to establish that a check had been mailed within the 30-day period to pay or deny the claim. Consequently, an issue of fact exists as to whether defendant timely paid the claim at issue, and, thus, neither party is entitled to summary judgment.
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied. 
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: November 25, 2016