Moreno v 105 Lombardy NY, LLC

2026 NY Slip Op 01957

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joaquin Moreno, respondent,

v

105 Lombardy NY, LLC, appellant (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-04837, (Index No. 514509/19)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. Mccormack, JJ.

Ondrovic & Platek, PLLC, White Plains, NY (Jeremy D. Platek of counsel), for appellant.

Elefterakis Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 9, 2024. The order denied that branch of the defendant's motion which was for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the issue of liability.

ORDERED that the order is affirmed, with costs.

In December 2018, the plaintiff was employed by the third-party defendant,Time Marble and Granite, Inc. (hereinafter Time Marble), at a warehouse located in Brooklyn (hereinafter the premises). The defendant, 105 Lombardy NY, LLC, owned the premises, which the defendant leased in its entirety to Time Marble. On December 6, 2018, the plaintiff allegedly was injured when he was caused to trip and fall by an uncovered trench in the floor of the premises.

Thereafter, the plaintiff commenced this action against the defendant alleging that it was negligent in maintaining the premises and allowing it to be and remain in a defective and dangerous condition. After discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability. In an order dated February 9, 2024, the Supreme Court denied that branch of the defendant's motion and granted the plaintiff's motion. The defendant appeals.

"'A property owner has a duty to maintain its premises in a reasonably safe condition'" (L.R. v Evergreen Charter Sch., 232 AD3d 923, 924, quoting Grullon v 57-115 Assoc., L.P., 229 AD3d 608, 609; see Gronski v County of Monroe, 18 NY3d 374, 379). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of property is best able to identify and prevent any harm to others" (Gronski v County of Monroe, 18 NY3d at 379 [internal quotation marks omitted]; see L.R. v Evergreen Charter Sch., 232 AD3d at 924; Grullon v 57-115 Assoc., L.P., 229 AD3d at 609). Thus, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" [*2](L.R. v Evergreen Charter Sch., 232 AD3d at 924-925 [internal quotation marks omitted]; see Gronski v County of Monroe, 18 NY3d at 379; Grullon v 57-115 Assoc., L.P., 229 AD3d at 609).

Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that it was an out-of-possession landlord. Although a lease agreement established that Time Marble leased the premises and was responsible for its maintenance, the defendant's submissions also demonstrated that Zhang Zhao Kang, a partner in the defendant, was present on the premises every day. Although Kang was also a shareholder of Time Marble, he testified at his deposition that he was involved, in his capacity as a partner of the defendant, in addressing hazardous conditions at the premises, including the uncovered trench that allegedly caused the plaintiff's injuries. Under these circumstances, the defendant failed to demonstrate, prima facie, that it was an out-of-possession landlord (see L.R. v Evergreen Charter Sch., 232 AD3d at 925; Grullon v 57-115 Assoc., L.P., 229 AD3d at 609-610; Rosas v 397 Broadway Corp., 19 AD3d 574, 574).

Moreover, the plaintiff demonstrated his entitlement to judgment as a matter of law on the issue of liability. "To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it" (Sermos v Gruppuso, 95 AD3d 985, 986 [internal quotation marks omitted]; see Rosas v 397 Broadway Corp., 19 AD3d at 574).

Here, in support of his motion, the plaintiff submitted, among other things, a transcript of Kang's deposition testimony. Kang testified that prior to the date of the plaintiff's accident, he observed the uncovered trench in the floor of the premises. Thereafter, as "the owner" and "the landlord" of the premises, he instructed Time Marble's owner to cover the trench. Given this testimony, the plaintiff established, prima facie, that the defendant had actual notice of the uncovered trench and failed to remedy it before the plaintiff's accident (see Shin Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1366; cf. Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1352; Rosas v 397 Broadway Corp., 19 AD3d at 574). Further, the plaintiff established, and the parties do not dispute, that the uncovered trench was a dangerous condition and that it caused the plaintiff's accident. In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the issue of liability.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court