(October 16, 2013)

■ OLATUNDE BAKARE, Respondent, v FONTINI KAKOURAS et al., Appellants. [972 NYS2d 710]—

In an action to recover damages for personal injuries, the

defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered February 6, 2013, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in accepting the plaintiff's untimely opposition papers, since the defendants were not prejudiced thereby (*see* CPLR 2004, 2214; *Lawrence v Celtic Holdings, LLC*, 85 AD3d 874, 875 [2011]; *Vlassis v Corines*, 254 AD2d 273, 273-274 [1998]).

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]), and did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine that were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Therefore, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.