■ PAUL Y. HSU et al., Appellants, v CAROLYN SHIELDS et al., Respondents. [974 NYS2d 800]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated January 19, 2012, which denied their motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and granted the defendants' cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

As an initial matter, the Supreme Court providently exercised its discretion in considering the defendants' untimely opposition papers and cross motion, as adjournments of the motion and cross motion afforded the plaintiffs an opportunity to submit responsive papers (*see* CPLR 2004, 2214; *Lawrence v Celtic Holdings, LLC*, 85 AD3d 874 [2011]; *Vlassis v Corines*, 254 AD2d 273 [1998]; *Kavakis v Total Care Sys.*, 209 AD2d 480 [1994]).

The Supreme Court properly denied the plaintiffs' motion for leave to enter a default judgment against the defendants and granted the defendants' cross motion to dismiss the complaint. The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff (*see Gottesman v Friedman*, 90 AD3d 608, 609 [2011]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick*, 233 AD2d 351 [1996]). Here, the affidavits of service filed by the plaintiffs did not dem-

onstrate that the defendants were properly served pursuant to CPLR 308 (2) and 310-a. Contrary to the plaintiffs' contention, sending multiple copies of the summons with notice and the complaint by regular mail and by Federal Express to the defendants at their place of business did not constitute proper service. Further, the defendants' demand for a complaint did not constitute an appearance in this action (see CPLR 3012 [b]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.