In an action to re *784 cover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), entered June 15, 2012, which, upon the granting of leave to the plaintiffs to supplement their proof, denied the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff Frank J. Gar afano did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendants met their prima facie burden of showing that the plaintiff Frank J. Gar afano (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff’s spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]), and did not constitute serious injuries (see Bakare v Kakouras, 110 AD3d 838, 839 [2013]; Staff v Yshua, 59 AD3d 614 [2009]).
In opposition, however, the plaintiffs raised a triable issue of fact as to whether the injured plaintiff sustained serious injuries to the cervical and lumbar regions of his spine that were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 215-218 [2011]; Bakare v Kakouras, 110 AD3d at 839).
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
The defendants’ contention regarding the Supreme Court’s adjournment of the motion in its order dated December 12, 2011, is not properly before this Court.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.E, Hall, Roman and Miller, JJ., concur.