Skillings v City of New York (2019 NY Slip Op 04439)





Skillings v City of New York


2019 NY Slip Op 04439


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-06965
 (Index No. 10955/17)

[*1]Theresa Skillings, appellant, 
v
City of New York, respondent.


Theresa Skillings, St. Albans, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Kathy Park and Claibourne Henry of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered May 7, 2018. The order, insofar as appealed from, granted the defendant's motion to restore the plaintiff's separate motions and accept the defendant's papers in opposition, and denied the plaintiff's separate motions, inter alia, for dismissal of child neglect charges filed against the plaintiff by the Administration for Children's Services, an award of sole custody of the child to the plaintiff, and an award of punitive damages.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2016, the plaintiff commenced an action in the Supreme Court, Queens County, against the Administration for Children's Services (hereinafter ACS) and its Commissioner, alleging that in November 2015, she had been improperly charged by ACS with educational neglect of her child (hereinafter the first action). The plaintiff requested relief including, inter alia, dismissal of the ACS neglect charges, expungement of the case records from the Statewide Central Register of Child Abuse and Maltreatment, an award of sole custody of the child, and an award of punitive damages in the sum of $49 million. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint in the first action. By order entered December 21, 2016, the Supreme Court granted the defendants' motion on the basis, among others, that the allegations in the complaint could not properly be asserted in an action before the Supreme Court. No appeal was taken.
The plaintiff then commenced this action against the City of New York in the same court, in November 2017, alleging that in November 2015, she had been improperly charged by ACS with educational neglect of the child. According to the complaint, the child was removed from the plaintiff's care, ACS made no reasonable efforts to avoid the removal, and the child was placed with the nonrespondent parent without conducting an assessment of the living conditions at his home, which were completely inappropriate for a child. The child was thereafter placed with her maternal aunt in December 2015. The complaint alleged that ACS had failed to arrange visits between the child and the plaintiff, instead imposing unjust, excessive, and punitive requirements upon the plaintiff. As a result, the plaintiff alleged, she suffered mental anguish, lost her right to parent her child, has a record in the Statewide Central Register of Child Abuse and Maltreatment, and most importantly, the relationship between the plaintiff and the child has been significantly damaged. [*2]Accordingly, the plaintiff contended that she was entitled to, inter alia, dismissal of the ACS neglect charges, an award of sole custody of the child, and punitive damages in the sum of $49 million.
The plaintiff thereafter moved, first by notice of motion and then by order to show cause, inter alia, for dismissal of the ACS neglect charges, an award of sole custody of the child, with no further ACS supervision and involvement, the expungement of ACS case records, and an award of $49 million. The defendant, having failed to timely oppose the motions, moved to restore the plaintiff's motions and to accept its papers in opposition. In an order entered May 7, 2018, the Supreme Court, inter alia, granted the defendant's motion and denied the plaintiff's motions. The plaintiff appeals from those portions of the order.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering the defendant's untimely opposition papers (see CPLR 2004; Hsu v Shields, 111 AD3d 674; Siracusa v Fitterman, 110 AD3d 1055; Bakare v Kakouras, 110 AD3d 838; cf. Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y., 167 AD3d 806).
We agree with the Supreme Court's determination to deny the plaintiff's motions. Collateral estoppel will bar relitigation of an issue where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199; Jeffreys v Griffin, 1 NY3d 34, 39; Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 432; Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 649). The allegations and relief sought in this action are the same as those asserted in the first action.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court